UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                                :
DAYS INNS WORLDWIDE, INC.        :
[formerly known as DAYS INNS OF   :
AMERICA, INC.], a Delaware Corporation, :
                                               :      Honorable Madeline Cox Arleo
                        Plaintiff,       :      Civil Action No. 07-3768 (SDW)
                                               :
v.                                                 :      **REPORT AND RECOMMENDATION**
                                               :
SANTOSH, INC. et al.,               :
                                             :
                                             :
                    Defendants.     :
_____:

**BACKGROUND**

On August 9, 2007, Plaintiff, Days Inns Worldwide, Inc. ("plaintiff"), filed the Complaint. Plaintiff filed a Stipulation and Order Extending Defendants' Time to Answer or Otherwise Respond to the Complaint on December 21, 2008. On January 8, 2008, Judge Wigenton entered an Order extending time of Defendants to answer the Complaint by January 29, 2008. On January 29, 2008, pro se Defendant, Tek Chand ("Chand") filed an Answer and Counterclaims to the Complaint.

On March 14, 2008, this Court entered a Letter Order scheduling an Initial Conference on May 5, 2008. Chand failed to appear at this conference. On May 7, 2008, this Court entered an Order to Show Cause, returnable on May 29, 2008, why monetary/reprimand sanctions should not be imposed on Chand for his failure to appear at the May 5, 2008 conference. Chand failed to appear on May 29, 2008 at the Order to Show Cause hearing. On May 13, 2008, Judge

Wigenton entered a Final Judgment by Consent in favor of Plaintiff against Defendant Santosh, Inc.

**DISCUSSION**

Defendant Chand's failure to comply with the Orders of this Court require this Court to determine the appropriate sanctions to impose.  In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to enter default against a defendant.  Poulis, 747 F.2d at 868.  The Poulis factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868. The Court is required to balance each factor in its analysis.  Id.

As the Poulis factors are used to determine the extent of harm caused by a non-responsive litigant, this Court applies these factors in determining whether to strike Chand's Answer, dismiss Chand's Counterclaims, and allow plaintiff to proceed to judgment by default, and enter default against Chand.

1. The Extent of Chand's Personal Responsibility

Chand filed an Answer, in response to plaintiff's Complaint, on his own behalf.  This Court finds that he is personally responsible for his failure to comply with the Orders of this Court.  His failure to appear and defend his case demonstrates a willful decision to disregard the Orders of the Court.  Chand was warned that continued failure to comply would result in sanctions, up to and including, entry of default.  He ignored the Court's Orders of March 14,

2008 and May 7, 2008.

Chand is not exempt from responsibility for failure to abide by Court Orders simply because he is a pro se litigant.  "[A]ll litigants, including pro ses, have an obligation to comply with Court orders.  When they flout that obligation, they, like all litigants, must suffer the consequences of their actions."  Burns v. Glick, 158 F.R.D. 354, 356 (E.D. Pa. 1994).  Chand continuously failed to comply with Court-Ordered appearances for conferences.  Accordingly, this factor favors striking Chand's Answer, dismissing Chand's Counterclaims, and allowing plaintiff to proceed to judgment by default as to Chand, and enter default against Chand.

2.  Prejudice to Plaintiff

Based on Chand's decision to disregard Court Orders, Plaintiff is incapable of prosecuting its claims against him and defending against his counterclaims.  Despite numerous Orders from this Court, Chand has not attended an in-person conference or hearing.  Indeed, based on Chand's inaction, it is impossible for plaintiff to understand Chand's defense and Counterclaims, and to adequately respond to same.

The Third Circuit addressed Poulis' "prejudicial harm" standard in Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003).  There, plaintiff failed to provide defendant with specific information and documentation concerning the damages calculation in a timely fashion. The court explained that "while prejudice for the purpose of Poulis analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."  Id.  Prejudice also includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party."  Adams v. Trustees

3

of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994) (citations omitted).

Here, the prejudice is palpable. Plaintiff is unable to ascertain Chand's defenses in this suit, prosecute its claims against him or defend against his Counterclaims. The decision not to appear at a Court-Ordered conference present in this matter weigh in favor of striking Chand's Answer, dismissing Chand's Counterclaims, and allowing plaintiff to proceed to judgment by default as to Chand, and enter default against him.

3.  History of Dilatoriness

This Court made several efforts to permit Chand to defend against this suit by scheduling the Court-Ordered conference and issuing an Order to Show Cause wherein he was directed to provide an explanation for his absences from court proceedings. Poulis makes clear that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history . . . of ignoring these time limits is intolerable." 747 F.2d at 868. Chand has failed to appear at a Court hearing on May 5, 2008 (resulting in an Order To Show Cause). Therefore, this factor weighs in favor of striking Chand's Answer, dismissing Chand's Counterclaims, and allowing plaintiff to proceed to judgment by default as to Chand, and enter default against Chand.

4.  Chand's Conduct Has Been Willful

This Court finds that Chand's failures to comply with Court Orders were willful in nature. As set forth above, Chand has failed to appear for an in-person conference and a hearing. Such conduct demonstrates willfulness. Accordingly, the absence of a reasonable excuse

suggests willful conduct or bad faith.  See Ware, 322 F.3d at 224 (finding willfulness and bad faith where "[n]o excuse has been proffered for the excessive procrastination of Plaintiff's counsel").  This factor warrants striking Chand's answer, dismissing Chand's Counterclaims, and allowing plaintiff to proceed to judgment by default as to Chand, and enter default against him.

5.     Effectiveness of Alternative Sanctions

As the record reflects, this Court has provided Chand with several opportunities to appear at Court-Ordered conferences, and defend against this suit.  The record is also replete with the failures of Chand to do so.  To continue to allow Chand to not appear at Court conferences would make it impossible for the Court to move forward and for plaintiff to prosecute its claims or defend against Chand's counterclaims.  Chand's refusal to follow Court Orders has been evidenced throughout this case.

The Court has the power to strike a pleading and/or render a judgment by default as a sanction against a party who fails to obey an order regarding discovery.  FED. R. CIV. P. 37(b)(2). As Chand has made it clear that he is unwilling to defend against plaintiff's claims or to prosecute his counterclaims, there is no alternative to striking Chand's Answer, dismissing Chand's Counterclaims and allowing plaintiff to proceed to judgment by default.  Despite two Court Orders, the non-compliance has continued.  The case cannot move forward.  Plaintiff is prejudiced. The only appropriate sanction here is to strike Chand's Answer, dismiss Chand's Counterclaims and allow plaintiff to proceed to judgment by default as to Chand, and enter default against Chand.

6. <u>Meritoriousness of Chand's Defense</u>

The Court has reviewed Chand's Answer to the Complaint and Counterclaims. However, given the bare-boned nature of the pleading, the Court cannot adequate evaluate the merits, if any, of Chand's defense or counterclaims. Accordingly, as it is not necessary for the Court to reach this factor to recommend striking Chand's Answer, dismissing Chand's Counterclaims and allowing plaintiff to proceed to judgment by default as to Chand, and enter default against him, this Court declines to consider this factor in weighing the recommended sanctions.

This Court's recommendation is not made lightly. However, this Court is convinced that it is left with no alternative. This Court offered Chand opportunities to appear at a Court-Ordered conference and a hearing, but to no avail. The Court also warned him that continuation of this conduct would result in sanctions. Under the circumstances, no less onerous sanction would be appropriate. This Court recommends imposing sanctions that terminate Chand's involvement in this case, including striking Chand's Answer, dismissing Chand's Counterclaims, and allowing plaintiff to proceed to default judgment, and enter default against him.

## CONCLUSION

For the reasons set forth above, I recommend that the District Court strike the Answer of pro se Defendant Tek Chand (Docket Entry No. 7), dismiss the Counterclaims of pro se Defendant Tek Chand (Docket Entry No. 7), and that plaintiff be allowed to proceed to judgment by default as to pro se Defendant Tek Chand, and enter default against him.  The parties have ten (10) days from receipt hereof to file and serve objections.

Respectfully submitted,

*s/Madeline Cox Arleo*
MADELINE COX ARLEO
United States Magistrate Judge

Dated: June 25, 2008

Orig.: Clerk of the Court
cc: Hon. Susan D. Wigenton, U.S.D.J.
   All Parties
   File